FRED W. CADDY v. R. MATURI & COMPANY AND ANOTHER.[1]

May 7, 1948.

No. 34,591.

---

[1]Reported in 32 N. W. (2d) 259.

*Naughtin & Henley,* for relator.
*Shepley, Severson & Heim,* for respondents.

LORING, CHIEF JUSTICE.

Certiorari to the industrial commission to review an order denying a petition to vacate an order approving a previous stipulation for settlement of claim. The claimant sought an award for an alleged accidental injury, asserting that a disc in his back had slipped, causing a permanent disability. The referee denied the claim on the basis that it did not result from an accidental injury arising out of or in the course of claimant's employment. Employe appealed to the industrial commission, and the commission affirmed the disallowance. Employe procured a writ of certiorari from this court, which, after hearing, remanded the case to the industrial commission with directions that a hearing *de novo* be granted with leave to submit such competent evidence as the parties might desire. Caddy v. R. Maturi & Co. 217 Minn. 207, 14 N. W. (2d) 393.

Thereupon and without a hearing, the parties entered into a stipulation for an award of $600. In the agreement for settlement the parties stipulated:

"That it is the claim of said employe that on or about August 18, 1942, he sustained an accidental injury * * * and that said accident arose out of and in the course of his employment, and that as a result of said accident he sustained a severe sprain or strain of his back and a dislocated disc.

"The employe further claims that as a result of said accident he was totally disabled from September 1, 1942, to February 11, 1943; that he has been partially disabled thereafter and up to the present time, and that he suffered a permanent injury as a result of said accident.

* * * * *

"That it is the contention of the employer and insurer that said employe did not sustain any accidental injury and that the disabil-

ity suffered by said employe was not due to or occasioned by reason of any accidental occurrence arising out of and in the course of his employment."

The basis for the petition to vacate the order allowing such stipulation was that of newly discovered evidence. On the original hearing there was medical opinion that the injury was a slipped disc and that there was "no assurance the cure may be permanent." All of the alleged newly discovered evidence, as the commissioner points out in his memorandum opinion, consists of medical opinion as to the permanency of the injury from which the employe suffers. There was no new evidence offered relative to determining whether the injury was caused by an accident arising out of or in the course of the employment. As is shown by the terms of the stipulation, the employer specifically stated that it denied liability on the theory that the accident did not arise out of or in the course of employment, and in the same stipulation, to which employer made no denial, it was stated that the employe suffered a permanent injury; hence, the so-called newly discovered evidence has to do with something which both parties had under consideration when they entered into the stipulation. The so-called new evidence would not constitute ground for vacating and setting aside the order approving the stipulation. The industrial commission did not abuse its discretion in refusing to vacate such order.

Order affirmed.